UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JON HAMILTON, CODY GEORGE, and MARTIN W. KOLODZIRE, individually and on behalf of others similarly situated, | § § § § § § § § § § § § § § § § § § | CV. NO. 5:15-CV-965-DAE |
| Plaintiffs, | | |
| vs. | | |
| ENERSAFE, INC. f/k/a ENERSAFE LLC, TCSAFETY, INC., EOG RESOURCES, INC. f/k/a ENRON OIL AND GAS COMPANY, and MICHAEL CHAD CUNNINGHAM, JASON ANDERSON, and C. RYAN MCMILLAN, each individually and in his official capacity, | | |
| Defendants. | | |

| | | |
|---|---|---|
| ALFREDO WISE and MICAH CANNADY, on behalf of themselves and all others similarly situated, | § § § § § § § § § § § § § | CV. NO. 5:15-CV-973-OLG |
| Plaintiffs, | | |
| vs. | | |
| ENERSAFE, INC., f/k/a ENERSAFE LLC & f/k/a TCSAFETY, INC., and EOG RESOURCES, INC., f/k/a ENRON OIL AND GAS COMPANY, | | |
| Defendants. | | |

1

| | |
|---|---|
| BRANDON CHAUMONT, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EOG RESOURCES, INC., f/k/a/ ENRON OIL AND GAS COMPANY, OAKS PERSONNEL SERVICES, INC, a/k/a OAKS GROUP, and CIELO ENERGY CONSULTING, LLC,<br><br>Defendants. | § § § § § § § § § § § § § § § § | CV. NO. 5:15-CV-1003-OLG |

ORDER GRANTING MOTION TO CONSOLIDATE CASES

Before the Court is a Motion to Consolidate Related Cases, filed by Defendant EOG Resources, Inc. ("EOG") (Dkt. # 25). Defendants Oaks Personnel Services, Inc. ("Oaks") and Enersafe, Inc. ("Enersafe") each filed a response. (Dkt. # 26; No. 5:15-cv-973 Dkt. # 50.) No other party filed a response. Pursuant to Local Rule CV-7(h), the Court finds this matter is suitable for disposition without a hearing. For the reasons stated below, the Motion to Consolidate Cases is **GRANTED** (Dkt. # 25).

FACTS

I.  The Hamilton Suit

On November 6, 2015, Plaintiffs John Hamilton, Cody George, and Martin Kolodzire ("Hamilton Plaintiffs") filed suit on behalf of themselves and all others similarly situated against the following Defendants: (1) EOG; (2) Enersafe; (3) TCSafety, Inc. ("TCSafety"); (4) Michael Cunningham, former president of TCSafety and current Executive Vice President of EnerSafe; (5) Jason Anderson, current Vice President of Enersafe; and (6) Ryan McMillan, former President and current CEO of Enersafe.  ("Hamilton Compl.," Dkt. # 1 ¶¶ 10–15.)

The Hamilton Plaintiffs each allege that they were employed by TCSafety, which merged with Enersafe in 2014.  (Hamilton Compl. ¶ 18.)  One Hamilton Plaintiff, Cody George, alleges that even though he was hired by TCSafety and paid by TCSafety and Enersafe, he worked at EOG after the merger with Enersafe.  (Id. ¶¶ 27–32.)  The Hamilton Plaintiffs allege that they frequently worked in excess of 40 hours per week, but were not compensated for their overtime hours in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219.  (Hamilton Compl. ¶¶ 38–60).  The Hamilton Plaintiffs seek to bring a collective action, pursuant to 29 U.S.C. § 216(b).  Mr. Hamilton makes an additional, individual claim for retaliation, in violation of the FLSA.  (Id. ¶¶ 61–

63.)  At this time, six additional plaintiffs have opted into this suit.  (Dkts. ## 16, 20, 22–24.)

    II.    <u>The Wise Suit</u>

On November 7, 2015, Plaintiffs Alfredo Wise and Micah Cannady ("Wise Plaintiffs") brought suit against EOG and Enersafe, on behalf of themselves and others similarly situated, and filed an amended complaint on April 21, 2016.  ("Wise Am. Compl.," No. 5-15-cv-973, Dkt. # 45.)  The Wise Plaintiffs state that they worked for EOG and were paid by Enersafe.  (<u>Id.</u> ¶ 1.)  They allege that they were mischaracterized as independent contractors and were not compensated for overtime hours, in violation of the FLSA.  (<u>Id.</u> ¶ 5.)  The Wise Plaintiffs also allege that they suffered retaliation in violation of the FLSA, and were denied employee benefits in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132.  (<u>Id.</u> ¶¶ 44–53; ¶¶ 94–98; 136–165.)  The Wise Plaintiffs seek to bring a collective action against EOG and Enersafe pursuant to 29 U.S.C. § 216(b), and to bring a class action against EOG and Enersafe to assert their rights under ERISA.  (<u>Id.</u> ¶¶ 44–53; 167–191.)  Approximately thirty additional plaintiffs have opted into this suit.  (No. 5:15-cv-973, Dkts. ## 11–13; 15–18; 23–31; 33–35; 37; 39–41.)

III.    <u>The Chaumont Suit</u>

On November 16, 2015, Brandon Chaumont filed suit against EOG, Oaks, and Cielo Energy Consulting, LLC ("Cielo") on behalf of himself and others similarly situated. ("Chaumont Compl.," No. 5:15-cv-1003, Dkt. # 1.) Chaumont alleges that he was employed by EOG and paid by Oaks and Cielo. (<u>Id.</u> ¶ 1.) He further alleges that he was mischaracterized as an independent contractor, and that he frequently worked in excess of 40 hours per week, without being compensated for overtime hours, in violation of the FLSA. (Chaumont Compl. ¶¶ 47–71.) Chaumont seeks to bring a collective action pursuant to 29 U.S.C. § 216(b), for violations of the FLSA. (Chaumont Compl. ¶¶ 85–97; 98–105.) Three additional plaintiffs have opted into this suit. (No. 5:15-cv-1003, Dkts. ## 13, 15.)

LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) provides that if actions "involve a common question of law or fact," the court may "consolidate the actions" or "issue any other order to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The decision to consolidate actions under Rule 42(a) is "entirely within the discretion of the district court as it seeks to promote the administration of justice." <u>Gentry v. Smith</u>, 487 F.2d 571, 581 (5th Cir. 1973).

Rule 42(a) "rests on principles of comity and sound judicial administration." <u>Cadle Co. v. Whataburger of Alice, Inc.</u>, 174 F.3d 599, 603 (5th

Cir. 1999). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." Id. (quoting West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 729 (5th Cir. 1985)). This "rule does not require the cases to be identical," but there should be "substantial overlap" between the issues presented by the cases. Int'l Fidelity Ins. Co. v. Sweet Little Mex. Corp., 665 F.3d 671, 678 (5th Cir. 2011) (quoting Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997)).

## ANALYSIS

Each of the three cases currently before the Court brings labor-related claims against EOG and various other companies—all of which appear to be affiliated with EOG in some manner—for violations of the FLSA. (See Hamilton Compl.; Wise Am. Compl.; Chaumont Compl.) In each case, employees allege that they were not paid overtime, in violation of the FLSA; the Plaintiffs in both Wise and Chaumont allege that they were misclassified as independent contractors and paid by various Defendant companies rather than by EOG. EOG argues that "[a]ll three suits involve substantially the same witnesses for discovery and investigation purposes" (Dkt. # 25 at 7). Oaks responded that it did not oppose the instant Motion, to the extent the cases were consolidated for discovery. (Dkt.

# 26.)  Enersafe does not oppose the motion to consolidate.  (No. 5:15-cv-973 Dkt. # 50.)  Neither Plaintiffs, nor any other Defendant filed a response.

Plaintiffs in each case are represented by the same counsel: Allen R. Vaught, Esq. and Glenn Deutsch Levy, Esq.  Plaintiffs' counsel filed a Notice of potentially related cases in both the Wise and Chaumont cases, identifying similarities between the Hamilton, Wise, and Chaumont cases, respectively.  (5-15-cv-973, Dkt. # 10; 5-15-cv-1003, Dkt. # 6.)  Plaintiffs have not filed a Response to the instant Motion.  No dispositive motion or motion for conditional certification has been filed in any of the three cases.

At this stage of the litigation, there is substantial overlap among the factual and legal issues presented by the cases.  While the claims do not involve identical parties, and do not present identical legal issues, the parties and issues overlap to such a degree that consolidation will eliminate unnecessary repetition involving complicated questions of fact and eliminate the risks of duplication and of "piecemeal resolution of issues that call for a uniform result."  Cadle Co., 174 F.3d at 603.

Rule 42(b) permits the Court to "order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b).  Accordingly, if the parties determine at the close of discovery that distinct causes of action exist against distinct parties – for example, if they

determine that the ERISA claim in the Wise suit is not sufficiently related to the FLSA claims presented by the three cases – they may move the Court to bifurcate the action.  See E.E.O.C. v. Lawler Foods, Inc., 128 F. Supp. 3d 972, 974 (S.D. Tex. Sept. 10, 2015); Fed. R. Civ. P. 42(b).

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion to Consolidate (Dkt. # 25) to avoid unnecessary cost or delay and promote the administration of justice.  The Court designates 5:15-CV-965, the first-filed case, as the lead case; parties are directed to file all motions in the lead case.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, June 17, 2016.

_____
David Alan Ezra
Senior United States Distict Judge