IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JON HAMILTON, et al.,<br>    Plaintiff,<br><br>v.<br><br>ENERSAFE, INC. f/k/a ENERSAFE LLC, et al.,<br>    Defendants, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 5:15-CV-965-JKP |
| ALFREDO WISE, et al.,<br>    Plaintiff,<br><br>v.<br><br>EOG RESOURCES, INC. (f/k/a ENRON OIL AND GAS COMPANY), et al.,<br>    Defendants, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 5:15-CV-973-JKP |
| BRANDON CHAUMONT,<br>    Plaintiff,<br><br>v.<br><br>EOG RESOURCES, INC. (f/k/a ENRON OIL AND GAS COMPANY), et al.,<br>    Defendants, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 5:15-CV-1003-JKP |
| DAVID M. JENSEN, et al.,<br>    Plaintiff,<br><br>v.<br><br>EOG RESOURCES, INC. (f/k/a ENRON OIL AND GAS COMPANY), et al.,<br>    Defendants, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 5:17-CV-0114-JKP |

## **ORDER APPROVING SETTLEMENT**

Before the Court in the above-styled cause of action is the parties' Joint Motion to Approve Settlement and Dismissal of the *Wise*, *Chaumont*, and *Jensen* Lawsuits [#237]. The parties consented to the jurisdiction of the undersigned for purposes of conducting a fairness

1

hearing, as needed, and approving the parties' settlement [#240], and the District Court referred the approval of any settlement agreement to the undersigned, while retaining jurisdiction over any motion to dismiss based upon settlement [#241]. The undersigned therefore has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A).

By their motion, Plaintiffs and Defendant EOG Resources, Inc. ("EOG") inform the Court that they desire to compromise and settle the *Wise*, *Chaumont*, and *Jensen* lawsuits and ask the Court to approve their confidential settlement agreement. The parties submit for the Court's review a sealed copy of their Settlement Agreement. For the reasons that follow, the undersigned will grant the parties' motion.

### I.  Background

This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and consists of four consolidated cases—(1) *Hamilton v. EnerSafe, Inc. et al.*, No. 5:15-cv-00965-JKP (the "Hamilton" lawsuit); (2) *Wise v. EOG Resources, Inc. et al.*, No. 5-15-cv-00973-JKP (the "Wise" lawsuit); (3) *Chaumont v. EOG Resources, Inc. et al.*, No. 5-15-cv-01003-JKP (the "Chaumont" lawsuit); and (4) *Jensen v. EOG Resources, Inc.*, No. 5:17-cv-00114-JKP (the "Jensen" lawsuit). The four cases were filed as collective actions. Plaintiffs are individuals who performed oil services work in South Texas.

The District Court consolidated the *Wise* and *Chaumont* cases into the *Hamilton* case on June 17, 2016 [#27] and subsequently conditionally certified three classes of employees for purposes of the collective action [#96]. The *Jensen* case was consolidated with the other consolidated cases on February 11, 2019 [#176]. EOG is a Defendant in three of the cases—*Wise*, *Chaumont*, and *Jensen*. Plaintiffs in the *Wise*, *Chaumont*, and *Jensen* cases allege that EOG misclassified certain individuals as independent contractors and improperly paid them a

2

day rate with no overtime compensation in violation of the FLSA.  There are a total of 45 Plaintiffs in all three cases at issue in this motion—34 Plaintiffs in the *Wise* case, five Plaintiffs in the *Chaumont* case, and six Plaintiffs in the *Jensen* case.  The parties have actively litigated this case for nearly four years, engaging in pre-certification discovery in the *Wise* and *Chaumont* cases, which included written discovery and depositions as to ten Plaintiffs.  After conditional certification, the parties engaged in additional discovery as to ten additional Plaintiffs, which included depositions, as well as 13 corporate representative, expert, and third-party Plaintiff depositions.  The parties have also attended three separate mediations in an attempt to resolve this lawsuit.  They now ask the Court to approve their settlement agreement.

## II.  Analysis

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  Under *Lynn's Food Stores*, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Alaniz v. Maxum Petroleum Operating Co., Inc.*, No. SA-15-CV-00373-XR, 2016 WL 6462206, at *1 (W.D. Tex. Oct. 31, 2016) (citing *Lynn's Food Stores*, 679 F.3d at 1355).  The Fifth Circuit has held that "[n]ot every FLSA settlement requires court approval, however, as 'parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due.'" *Id.* (citing *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012)).

The reach of *Martin* is unclear, as the circumstances in that case involved unique facts—a retroactive evaluation of a previously executed, privately entered FLSA settlement that was

negotiated by lawyers prior to any lawsuit being filed.  *See id.*   Additionally, the parties' dispute in *Martin* concerned the number of hours worked and the rate of pay and not substantive FLSA rights themselves (*e.g.*, whether an employee was misclassified as exempt or as an independent contractor).  *See id.*; *cf. Bodle v. TXL Mortg. Corp.*, 788 F.3d 159 (5th Cir. 2015) (declining to extend *Martin* to private settlement agreement negotiated during a state-court non-FLSA action).  Post *Martin*, some district courts in this Circuit have continued to follow the *Lynn's Foods* approach, and these courts review FLSA settlement agreements for fairness where parties request an ex-ante fairness review of a settlement negotiated during active FLSA litigation.  *See, e.g.*, *Cox v. Sunflower Cty. Consol. Sch. Dist.*, No. 4:16-CV-192-DMB-JMV, 2017 WL 3584916, at *2 (N.D. Miss. Aug. 18, 2017); *Abernathy v. Becon Constr. Co.*, No. 1:14-CV-466, 2016 WL 7427024, at *1 (E.D. Tex. Dec. 16, 2016), *report and recommendation adopted*, No. 1:14-CV-466, 2016 WL 7374420 (E.D. Tex. Dec. 20, 2016); *Alaniz*, 2016 WL 6462206, at *1.  Given the ambiguity regarding the reach of *Martin*, that the parties are requesting their proposed agreement be reviewed, and that it is still common practice for some district courts in this Circuit to review FLSA settlements, the Court will review the parties' proposed settlement for reasonableness in this case.

The parties assert that the settlement is a fair and reasonable resolution of a bona fide dispute between the parties over wages owed to Plaintiffs.  Plaintiffs allege that EOG failed to properly pay them overtime compensation by misclassifying them as independent contractors and failing to pay them overtime compensation they are due.  EOG denies Plaintiffs' allegations and maintains that Plaintiffs were properly characterized as independent contractors and, if not, EOG acted in good faith in making this classification.  These contested issues indicate a bona fide dispute among the parties on multiple issues of law; if EOG prevailed in this lawsuit,

Plaintiffs would not recover anything or their recovery would be substantially less than what Plaintiffs sought.

The settlement proposed is also fair and reasonable. The settlement agreement was negotiated by able attorneys and reflects an arms' length compromise of the disputed claims and both provides relief to Plaintiffs and eliminates the risks all parties would bear if litigation continued. The agreement has been approved by the lead Plaintiffs in the *Wise*, *Chaumont*, and *Jensen* cases, Plaintiffs' counsel, EOG, and EOG's counsel.

The parties' agreement that Plaintiffs' counsel is entitled to a total of 40% of the gross settlement amount for fees and costs is also reasonable. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) (acknowledging that contingency fees for class funds have ranged from 35% to 40%); *see also Matthews v. Priority Energy Servs., LLC*, No. 6:15-CV-448, 2018 WL 1939327, at *2 (E.D. Tex. Apr. 20, 2018), *report and recommendation adopted*, 2018 WL 2193030 (E.D. Tex. May 11, 2018) (approving 40% contingency fee in FLSA collective class action that required nearly three years of litigation).

In summary, the undersigned agrees with the parties that their settlement agreement is a reasonable compromise of the claims alleged by Plaintiffs in light of the procedural posture of these cases, the risks of further litigation, and the costs applicable to both sides. Because the proposed settlement is a fair and reasonable resolution of a bona fide dispute between the parties over wages owed to Plaintiffs,

**IT IS HEREBY ORDERED** that the Joint Motion to Approve Settlement and Dismissal of the *Wise*, *Chaumont*, and *Jensen* Lawsuits [#237] is **GRANTED IN PART** and the parties' settlement is **APPROVED**. The parties' request to dismiss this action remains pending before the District Court.

**IT IS SO ORDERED.**

SIGNED this 23rd day of October, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE